**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DEON LAWRENCE,

                                        Plaintiff,

                                                                    1:20-CV-694
            v.                                                      (MAD/DJS)

DERRICK SHERMAN, *et al.*,

                                        Defendants.

**APPEARANCES:**

DEON LAWRENCE
Plaintiff, *Pro Se*
Schenectady County Jail
320 Veeder Avenue
Schenectady, New York 12307

**DANIEL J. STEWART**
**United States Magistrate Judge**

## <u>REPORT-RECOMMENDATION and ORDER</u>

The Clerk has sent to the Court for review a Complaint submitted by *pro se* Plaintiff Deon Lawrence, asserting claims pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By separate order, the Court approved Plaintiff's IFP Application.

- 1 -

## I. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in *forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).[1]  Thus, even if a plaintiff meets the financial criteria to commence an action in *forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in *forma pauperis*. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*) (explaining that section 1915A applies to

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate *pro se* prisoner complaints).

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, see *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

- 3 -

complaint has alleged–but it has not show[n]– that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).   Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## B. Summary of the Complaint

Plaintiff's allegations relate to an April 2018 arrest of Plaintiff in Schenectady, New York.   Compl. at p. 1.   According to the Complaint, Plaintiff was arrested by Defendant Sherman for failure to timely notify the New York State Division of Criminal Justice Services of an address change.   *Id.* at p. 7.   Plaintiff alleges that the arrest was unlawful because Sherman "should have known that plaintiff provided his correct registered address" as a result of his interrogation of Plaintiff.   *Id.*   Plaintiff was subsequently indicted by a Grand Jury.   *Id.*   He alleges the charges were ultimately dismissed in December 2018.  *Id.*

Plaintiff further alleges that Assistant District Attorney Tracey Brunez of the Schenectady County District Attorney's Office withheld exculpatory evidence related to the charges pending against him.  *Id.* at p. 8.  Specifically, Plaintiff alleges that an order directing production of *Brady* material was deliberately ignored by Defendant Brunez.

- 4 -

*Id.* Plaintiff claims that the prosecutor, Defendant Brunez, purposely withheld exculpatory material that would have exonerated him "from the onset." *Id.* at p. 1.

The remaining allegations in the Complaint reference the supervisory roles of Defendants Eric Clifford, Robert Carney, and Gary McCarthy[2] over either Defendant Sherman or Defendant Brunez. *Id.* at pp. 9-13. Plaintiff alleges that these defendants had an obligation to properly supervise and train and that the failure to do so resulted in the injuries alleged. *Id.*

The Complaint asserts claims for unlawful arrest, false imprisonment, Fourth, Eighth, and Fourteenth Amendment violations, defamation, and emotional distress. *Id.* at pp. 7-8 & 15. Plaintiff claims that the prosecutor, Defendant Brunez, purposely withheld exculpatory material that would have exonerated him "from the onset." *Id.* at p. 1.

### C. Analysis of the Complaint

#### 1. Claim Against Defendant Sherman

Plaintiff specifically alleges that Defendant Sherman is liable for false arrest and false imprisonment. Compl. at p. 15. The Complaint concedes that following his arrest by Sherman, Plaintiff was indicted by a Schenectady County Grand Jury. *Id*. at p. 4.

---

[2] The Complaint alternatively refers to McCarthy, who is the Mayor of the City of Schenectady, and the City itself as Defendants. The Court's docket identifies McCarthy as the Defendant. The Court notes that the ensuing analysis applies the same regardless of whether McCarthy or the City of Schenectady was the Defendant Plaintiff wished to name.

"In New York, the fact that the Grand Jury returned an indictment against [Plaintiff] creates a presumption that his arrest and indictment were procured with probable cause." *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994). "Probable cause is a complete defense to a constitutional claim of false arrest, *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir.1995), and false imprisonment, *Zanghi v. Vill. of Old Brookville*, 752 F.2d 42, 45 (2d Cir.1985)." *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014); *see also Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996); *Trombley v. O'Neill*, 929 F. Supp. 2d 81, 95 (N.D.N.Y. 2013); *Rivas v. Suffolk Cty.*, 326 F. Supp. 2d 355, 361 (E.D.N.Y. 2004). "The plaintiff can overcome the presumption only by a showing that the indictment was procured through fraud, perjury, the suppression of evidence or other bad faith police conduct." *Campanaro v. City of Rome*, 999 F. Supp. 277, 281 (N.D.N.Y. 1998) (citing *Bernard v. United States*, 25 F.3d at 104). The Complaint makes no allegations regarding the circumstances of the indictment that would be sufficient to overcome this presumption at this juncture. As a result, Plaintiff's claims related to his arrest should be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991)). In light of this standard, the Court

recommends that Plaintiff be afforded an opportunity to amend the Complaint as to his claims against Defendant Sherman in the event that Plaintiff believes he can allege facts that would overcome the presumption of probable cause created by the Grand Jury's indictment.

### 2. Claims Against Defendants Brunez and Carney

Plaintiff claims that Brunez withheld exculpatory material which would have established his innocence.  Compl. at pp. 8-9.  Prosecutors are absolutely immune from liability for Section 1983 claims in matters involving the prosecution of individuals. *Ochoa v. Arcuri*, 2005 WL 2407522, at *1 (N.D.N.Y. Sept. 29, 2005) (citing *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994)).  "Because a prosecutor is acting as an advocate in a judicial proceeding, the solicitation and subornation of perjured testimony, the withholding of evidence, or the introduction of illegally-seized evidence at trial does not create liability in damages." *Rudaj v. Treanor*, 2011 WL 13128215, at *2 (S.D.N.Y. Dec. 7, 2011) (quoting *Taylor v. Kavanagh*, 640 F.2d 450. 452 (2d Cir. 1981)) (claim seeking monetary damages against an Assistant United States Attorney for withholding evidence was dismissed because the prosecutor was entitled to absolute immunity).

In the present case, Brunez is shielded by absolute prosecutorial immunity for all claims against her in her prosecutorial capacity and from claims for damages in her official capacity. *See Fonvil v. Cty. of Rockland*, 2018 WL 357309, at *2 (S.D.N.Y. Jan. 9, 2018); *see also Rudaj v. Treanor*, 2011 WL 13128215, at *2.  Therefore, the Court

recommends Plaintiff's claims against Brunez be dismissed. Where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate. *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015). Plaintiff cannot cure the deficiencies identified above as to Plaintiff's claim against Brunez and so those claims should be dismissed with prejudice.

Defendant Carney is the Schenectady County District Attorney and is sued for his alleged failure to properly supervise and train Defendant Brunez. *Id.* at pp. 2 & 9-11.

Under certain circumstances a civil rights plaintiff may be able to establish supervisory liability for constitutional violations. "A necessary factor, however, of this supervisory liability is that a constitutional violation have occurred." *Alston v. Bendheim*, 672 F. Supp. 2d 378, 388 (S.D.N.Y. 2009); *see also Jackson v. Yando*, 2016 WL 756540, at *5 n. 5 (N.D.N.Y. Feb. 23, 2016). Because Plaintiff cannot establish a constitutional claim against Defendant Brunez, his claim against Defendant Carney for failing to properly train and supervise her "must be dismissed . . . because as explained above, there is no underlying [constitutional] violation in the first place." *Lawrence v. Evans*, 136 F. Supp. 3d 486, 491 (W.D.N.Y. 2015); *see also Delaney v. Zaki*, 2014 WL 4966914, at *8 (N.D.N.Y. Sept. 30, 2014) ("A complaint that fails to state a claim for underlying unlawful conduct also fails to state a claim against any supervisory officials named as defendants.").

### 3. Claims Against Defendants Clifford and McCarthy

The remaining Defendants similarly appear to be sued in their supervisory capacities for an alleged failure to properly train Defendants Sherman and Brunez. Defendant Clifford is alleged to be the Schenectady Police Chief.  Compl. at p. 6. Defendant McCarthy is the Mayor of the City of Schenectady.  *Id.*  Both are alleged to have failed to properly train and/or supervise Sherman.  *Id.* at pp. 9-11.

As noted above, supervisory officials can under some circumstances be liable for failure to properly train and supervise subordinates.  Given the recommendation that claims against Defendant Sherman be dismissed with leave to replead, the Court similarly recommends that the claims against Defendants Clifford and McCarthy be dismissed with leave to amend.  If Plaintiff fails to allege facts in an amended complaint that would overcome the presumption of probable cause, claims against these supervisory defendants would be subject to dismissal based on the failure to establish any constitutional violation. *Lawrence v. Evans*, 136 F. Supp. 3d at 491.  If sufficient allegations to overcome that presumption are made, Plaintiff has likely made sufficiently specific allegations here to require a response from Defendants.

Plaintiff also alleges a claim against these Defendants under the Eighth Amendment.  Compl. at p. 15.  Plaintiff specifically alleges, however, that the charges at issue in this case were dismissed.  *Id.* at p. 7.  Courts have consistently recognized that "the Eighth Amendment does not apply 'until after conviction and sentence.'"  *Wright v.*

- 9 -

*New York City*, 2012 WL 4057958, at *3 (E.D.N.Y. Sept. 14, 2012) (quoting *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999)); *see also Lindsey v. Butler*, 43 F. Supp. 3d 317, 325 (S.D.N.Y. 2014) ("the Eighth Amendment attaches only after conviction"). Plaintiff's allegations regarding the insufficiency of the investigation and prosecution, therefore, do not implicate the Eighth Amendment and those claims should be dismissed with prejudice.

Accordingly, the Court recommends dismissing the remaining claims against Defendants Clifford and McCarthy without prejudice.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e) & 1915(A) for failure to state a claim upon which relief may be granted as to claims against Defendants Brunez and Carney and as to any claim under the Eighth Amendment; and it is further

**RECOMMENDED**, that the claims against Defendants Sherman, Clifford, and McCarthy be **DISMISSED without prejudice** and that Plaintiff be granted leave to amend; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:   July 28, 2020
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).