UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEON LAWRENCE,

                               **Plaintiff,**

vs.                                                 1:20-CV-694
                                                       (MAD/DJS)

DERRICK SHERMAN; TRACEY BRUNEZ;
ERIC CLIFFORD; ROBERT CARNEY; and
MAYOR GARY MCCARTHY, *City of
Schenectady*,

                               **Defendants.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

DEON LAWRENCE
20-A-1153
Watertown Correctional Facility
P.O. Box 168
Watertown, New York 13601
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff commenced this action *pro se* on June 22, 2020, asserting claims pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 1; Dkt. No. 2 ("IFP Application"). In his Complaint, Plaintiff asserts claims of unlawful arrest, false imprisonment, Fourth, Eighth, and Fourteenth Amendment violations, defamation, and emotional distress. *See* Dkt. No. 1. In a Report-Recommendation and Order, Magistrate Judge Daniel J. Stewart recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) & 1915A as to the claims against Defendants Brunez and Carney and as to any claim under the Eighth Amendment. *See* Dkt. No. 7. Magistrate Judge Stewart also

recommended that the claims against Defendants Sherman, Clifford and McCarthy be dismissed without prejudice and that Plaintiff be granted leave to amend. *See id.* By separate order, Magistrate Judge Stewart approved Plaintiff's IFP Application.

## II. BACKGROUND

According to the Complaint, Plaintiff was arrested in Schenectady, New York in April of 2018 by Defendant Sherman for failure to timely notify the New York State Division of Criminal Justice Services of an address change. *See* Dkt. No. 1. Plaintiff alleges that the arrest was unlawful because Sherman "should have known that plaintiff provided his correct registered address" as a result of his video-recorded interrogation of Plaintiff. *See id.* at 7. Plaintiff was subsequently indicted by a Grand Jury and alleges that the charges were ultimately dismissed in December 2018. *See id.*

Plaintiff further alleges that Assistant District Attorney Tracey Brunez of the Schenectady County District Attorney's Office purposefully withheld exculpatory evidence related to the charges pending against him that would have exonerated him "from the onset." *See id.* at 1. The remaining allegations in the Complaint reference the supervisory roles of Defendants Eric Clifford, Robert Carney, and Gary McCarthy over either Defendant Sherman or Defendant Brunez. *See id.* Plaintiff alleges that these Defendants had an obligation to properly supervise and train and that the failure to do so resulted in Plaintiff's alleged injuries. *See id.*

**A.     Magistrate Judge Stewart's Order and Report-Recommendation**

In a Report-Recommendation and Order, Magistrate Judge Stewart recommended to the Court that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e) & 1915A for failure to state a claim upon which relief may be granted as to the claims against Defendants Brunez and Carney and as to any claim under the Eighth Amendment. *See* Dkt. No. 7

2

at 7-8.  Magistrate Judge Stewart further recommended that the claims against Defendants Sherman, Clifford, and McCarthy be dismissed without prejudice and that Plaintiff be granted leave to amend his Complaint.  *See id.* at 5-7, 9-10.  Magistrate Judge Stewart found that with regard to the claims related to his arrest, Plaintiff failed to overcome the "presumption that his arrest and indictment were procured with probable cause" that is created when the Grand Jury returned an indictment against Plaintiff.  *See id.* at 6 (quoting *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994)).  However, Magistrate Judge Stewart found that, in light of Plaintiff's *pro se* status, he should be afforded the opportunity to amend the Complaint as to his claims against Defendant Sherman if Plaintiff believes he can allege facts that would overcome the presumption of probable cause created by the Grand Jury's indictment.  *See id.* at 6-7 (quoting *Bruce v. Tompkins Cty. Dep't of Soc. Servs. Ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015)).  Magistrate Judge Stewart found that Defendant Brunez is shielded by absolute prosecutorial immunity for all claims against her in her prosecutorial capacity and from claims for damages in her official capacity.  *See id.* at 7-8.

Furthermore, Magistrate Judge Stewart recommended that the supervisory liability claim against Defendant Carney be dismissed because Plaintiff cannot establish an underlying constitutional violation against Defendant Brunez.  *See id.* at 8 (quoting *Alston v. Bendheim*, 672 F. Supp. 2d 378, 388 (S.D.N.Y. 2009)).  Magistrate Judge Stewart recommended that because supervisory officials can under some circumstances be liable for failure to properly train and supervise subordinates, the claims against Defendants Clifford and McCarthy be dismissed with leave to amend.  *See id.* at 9-11.  Additionally, Magistrate Judge Stewart found that because courts have consistently recognized that "the Eighth Amendment does not apply 'until after conviction and sentence'" the Eighth Amendment claims against the Defendants should be dismissed with

3

prejudice considering that the Plaintiff specifically alleges that the charges at issue in this case were dismissed.  *See id.* at 9 (quoting *Lawrence v. Evans*, 136 F. Supp. 3d 486, 491 (W.D.N.Y. 2015)).

**B.      Plaintiff's Objections**

Plaintiff timely filed objections to Magistrate Judge Stewart's Report-Recommendation and Order.  *See* Dkt. No. 10.  Plaintiff states that dismissing the claims against Defendants Carney and Brunez gives the "green light" to district attorneys and assistant district attorneys to "perform their job without any moral integrity and absolutely no consequences for their intentional lawless and corrupt conduct." *See id.* at 2.  Plaintiff also states that absolute prosecutorial immunity for all claims against Defendant Brunez in her prosecutorial capacity and immunity from claims for damages in her official capacity should not give district attorneys "the green light to recklessly and intentionally create constitutional violations because they know they won't be held accountable for their actions . . . ." *See id.* at 4.  In his objections, Plaintiff requests that he be afforded the opportunity to file an amended complaint against Defendants Carney and Brunez.  *See id.*

### III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept,

4

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present case, although Plaintiff has filed objections to Magistrate Judge Stewart's Report-Recommendation and Order, the objections are conclusory and "merely recite the same argument[s]" that were originally presented in Plaintiff's complaint. *See O'Diah*, 2011 WL 933846, at *1. Nevertheless, in light of Plaintiff's *pro se* status, the Court has reviewed the complaint *de novo* and finds that Magistrate Judge Stewart correctly recommended that the Court should dismiss Plaintiff's Complaint with prejudice as to the claims against Defendants Brunez and Carney.

Allowing Plaintiff to amend and supplement his Complaint against Defendant Brunez would be futile because, as Magistrate Judge Stewart correctly states in his Report-Recommendation and Order, Defendant Brunez is shielded by absolute prosecutorial immunity for all claims against her in her prosecutorial capacity and from claims for damages in her official capacity. *See* Dkt. No. 7 at 7-8. Allowing Plaintiff to amend and supplement his Complaint against Defendant Carney would be futile as well because, as Magistrate Judge Stewart correctly found, Plaintiff cannot establish a constitutional claim against Defendant Brunez. Therefore, his

5

claim against Defendant Carney for failing to properly train and supervise Defendant Brunez "must be dismissed . . . because . . . there is no underlying [constitutional] violation in the first place." *See* Dkt. No. 7 at 8 (quoting *Lawrence v. Evans*, 136 F. Supp. 3d 486, 491 (W.D.N.Y. 2015)).

Further, allowing Plaintiff to amend and supplement his Complaint against these Defendants under the Eighth Amendment would be futile because, as Magistrate Judge Stewart correctly found, courts have consistently recognized that the Eighth Amendment is implicated after a conviction and sentence and because Plaintiff specifically alleges that the charges against him at issue in this case were dismissed, the Eighth Amendment is not implicated. *See* Dkt. No. 7 at 9-10 (citations omitted).

Lastly, Magistrate Judge Stewart correctly determined that the Court should dismiss the remaining claims against Defendants Sherman, Clifford and McCarthy without prejudice. Although Plaintiff admits in his Complaint that he was indicted by a Grand Jury which creates a presumption that his arrest and indictment were procured with probable cause, it is conceivable that Plaintiff could allege facts that would overcome the presumption of probable cause created by the Grand Jury's indictment. *See Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994). As such, Plaintiff will be afforded an opportunity to amend his Complaint as to his claims related to his arrest against Defendant Sherman and his supervisory liability claims against Defendants Clifford and McCarthy.

### IV. CONCLUSION

After carefully considering Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's objections thereto and the applicable law, and for the reasons stated herein, the Court hereby

6

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** as to the claims against Defendants Brunez and Carney and as to any claim under the Eighth Amendment; and the Court further

**ORDERS** that the claims against Defendants Sherman, Clifford, and McCarthy are **DISMISSED WITHOUT PREJUDICE** and that Plaintiff be granted leave to amend; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Memorandum-Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to file his amended complaint within thirty (30) days of the date of this Memorandum-Decision and Order, the Clerk of the Court shall enter judgment in Defendants' favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 6, 2020
       Albany, New York

_/s/ Mae A. D'Agostino_
Mae A. D'Agostino
U.S. District Judge